*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    519269
_____

In the Matter of the Claim of
    SCOTT R. STANTON,
                    Appellant.

TOWN OF BETHEL,                              MEMORANDUM AND ORDER
                Respondent.

COMMISSIONER OF LABOR,
                Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Scott R. Stanton, Mongaup Valley, appellant pro se.

        Robert S. McEwan, New York City, for Town of Bethel,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for Commissioner of Labor,
respondent.

                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 22, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because he voluntarily left his employment without good cause.

        For over four years, claimant held a full-time position as
a heavy equipment operator for a municipal highway department.
One of the conditions of his employment was that he maintain a
valid commercial driver's license (hereinafter CDL).  Following a
traffic stop, claimant refused to take a breathalyzer test and

his CDL was automatically suspended as a result.  Although there was some discussion about having claimant resume working for the highway department as a laborer on a part-time basis, this did not occur and claimant was unable to return to his job as a heavy equipment operator.  His application for unemployment insurance benefits was initially denied.  Following a hearing, however, an Administrative Law Judge ruled that claimant was allowed to receive benefits.  The Unemployment Insurance Appeal Board subsequently reversed this decision and concluded that claimant was disqualified from receiving benefits because he provoked his discharge.  Claimant now appeals.

We affirm.  Claimants who have undertaken voluntary actions that have resulted in the forfeiture of their valid CDLs, a necessary condition of employment, have been held to have provoked their discharge thereby disqualifying them from receiving unemployment insurance benefits (see Matter of Ramirez [Commissioner of Labor], 84 AD3d 1656, 1657 [2011]; Matter of Hawkins [Commissioner of Labor], 71 AD3d 1215 [2010]; Matter of Decker [Commissioner of Labor], 27 AD3d 821 [2006], lv dismissed 7 NY3d 740 [2006]; Matter of Killorin [Sweeney], 232 AD2d 696, 696-697 [1996]).  This is precisely what occurred here.  Notwithstanding claimant's suggestion to the contrary, the municipality was not obligated to offer him a part-time position as a laborer (see Matter of Ramirez [Commissioner of Labor], 84 AD3d at 1657).  Therefore, we find no reason to disturb the Board's decision.

Lahtinen, J.P., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court